UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BRIAN DOGIE, ET AL.                                     CIVIL ACTION NO.

VERSUS                                                  20-80-BAJ-EWD

GENERAL MOTORS LLC

## NOTICE AND ORDER

Before the Court is the Complaint filed by Plaintiffs Brian Dogie and Chelsea Duhon ("Plaintiffs")[1] against Defendant General Motors LLC ("General Motors"). The Complaint asserts that the Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332, diversity of citizenship.[2] The Complaint makes the following allegations regarding the citizenship of the parties:

> 1. Plaintiffs, BRIAN DOGIE and CHELSEA DUHON, now and have been at all times material hereto citizens of the Duson, State of Louisiana.
>
> 2. Defendant, GENERAL MOTORS LLC, hereinafter "GENERAL MOTORS," is a Delaware limited liability company authorized to do and doing business in the State of Louisiana with its principal place of business located at 501 Louisiana Avenue, Baton Rouge, Louisiana 70802 and is a warrantor of a vehicle that Plaintiffs purchased and is a merchant in goods of the kind involved in this case.[3]

Proper information regarding the citizenship of all parties is necessary to establish the Court's diversity jurisdiction. In the Complaint, citizenship has been adequately alleged as to Plaintiffs and the amount in controversy is met.[4] However, citizenship has not been adequately alleged with respect to General Motors.

---

[1] R. Doc. 1.
[2] R. Doc. 1, ¶ 3.
[3] R. Doc. 1, ¶¶ 1-2.
[4] R. Doc. 1, ¶ 1 (alleging Plaintiffs are Louisiana citizens) *and see* ¶ 3 (alleging that the amount in controversy exceeds $75,000).

As set forth above, the Complaint asserts that General Motors is a limited liability company.[5] For purposes of diversity, "the citizenship of a limited liability company is determined by the citizenship of all of its members." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Thus, to properly allege the citizenship of a limited liability company, a party must identify each of the members of a limited liability company, and the citizenship of each member in accordance with the requirements of 28 U.S.C. § 1332(a) and (c). The same requirement applies to any member of a limited liability company which is also a limited liability company. *See Turner Bros. Crane and Rigging, LLC v. Kingboard Chemical Holding Ltd.*, 2007 WL 2848154, at *4 (M.D. La. Sept. 24, 2007) ("when partners or members are themselves entities or associations, the citizenship must be traced through however many layers of members or partners there may be, and failure to do [so] can result in dismissal for want of jurisdiction.") (citations omitted).

Furthermore, review of the Complaint reflects that Plaintiffs expressly state a cause of action for violations of Louisiana's Redhibition Law in connection with the purchase of an allegedly defective vehicle.[6] At one point, Plaintiffs also refer to "the Warranty Act," and cite cases discussing the Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. § 2301, *et seq*.[7] The MMWA provides for federal subject matter jurisdiction over breach of warranty claims brought by consumers (all as defined by the Act), where the amount in controversy exceeds $50,000.[8] On the face of the Complaint, however, it is unclear whether Plaintiffs are asserting a claim for violations of the MMWA such that the Court has federal question jurisdiction.[9]

---

[5] R. Doc. 1, ¶ 2. If, however, General Motors is a corporation, (the citizenship of which is determined by place of incorporation and principal place of business, *see Getty Oil, Div. of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988)), then Plaintiffs must amend their Complaint to reflect its corporate status.
[6] *See* R. Doc. 1, ¶¶ 13-22.
[7] *Id.* at ¶ 7 (citations omitted).
[8] *See* 15 U.S.C. § 2310(d)(3)(B). *See Eldridge v. Keystone RV Co.,* No. 16-599-JWD-EWD, 2017 WL 3137600, at *1 (M.D. La. Feb. 24, 2017: "The [MMWA] affords this court with subject matter jurisdiction only if the amount in controversy exceeds $50,000 exclusive of interest and costs. 15 U.S.C. § 2310(d)(3)(B); *Scarlott v. Nissan N. Am., Inc.*, 771 F.3d 883 (5th Cir. 2014). Neither attorney fees nor damages for any pendent state law claims can be used to satisfy the MMWA's jurisdictional threshold. *Scarlott*, 771 F.3d at 887-888."
[9] *See Scarlott,* 771 F.3d at 887 (holding that *federal question jurisdiction* under the MMWA is limited to breach-of-warranty claims for which the amount in controversy is at least $50,000) (emphasis added). A federal question exists

The Court *sua sponte* raises the issue of whether it may exercise jurisdiction in this matter, specifically whether there is complete diversity of citizenship among the parties and/or whether there is jurisdiction pursuant to the MMWA.[10]

Accordingly,

**IT IS HEREBY ORDERED** that, on or before **February 21, 2020**, Plaintiffs Brian Dogie and Chelsea Duhon shall file a motion to substitute their Complaint[11] with a proposed pleading that is a comprehensive amended Complaint (*i.e.*, that includes all of Plaintiffs' numbered allegations, as revised, supplemented, and/or amended), which adequately alleges the citizenship of all parties to establish that the Court has diversity jurisdiction, or alternatively, adequately alleges another basis for the Court's subject matter jurisdiction, including but not limited to a claim brought pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, *et seq.,* and which will become the operative Complaint in this matter without reference to any other document in the record.

The case will be allowed to proceed if jurisdiction is adequately established.

Signed in Baton Rouge, Louisiana, February 14, 2020.

*/s/ Erin Wilder-Doomes*
**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

when there "appears on the face of the complaint some substantial, disputed question of federal law," and, "Under the longstanding well-pleaded complaint rule [] a suit 'arises under' federal law 'only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law].'" *Pidgeon v. East Baton Rouge Parish Sheriff's Office*, No. 17-342, 2017 WL 3996436, *2 (M.D. La. Aug. 21, 2017) (*citing In re Hot-Hed, Inc.,* 447 F.3d 320, 332 (5th Cir. 2007); *Vaden v. Discover Bank*, 556 U.S. 49, 60, 129 S.Ct. 1262, 1272, 173 L.Ed.2d 206 (2009) (other citations omitted).

[10] *See McDonal v. Abbott Laboratories*, 408 F.3d 177, 182 n. 5 (5th Cir. 2005) ("[A]ny federal court may raise subject matter jurisdiction *sua sponte*.").

[11] R. Doc. 1.